**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CARPENTERS' DISTRICT COUNCIL OF )
GREATER ST. LOUIS, ET AL., )
)
              **Plaintiffs,** )
)
    **vs.** )     **No.  4:07CV1174-DJS**
)
MARK MITCHELL, d/b/a MARK )
MITCHELL EXTERIORS, )
)
          **Defendant.** )

<u>ORDER</u>

      Now before the Court is plaintiffs Carpenters' District Council of Greater St. Louis and Vicinity, et al.'s motion for summary judgment [Doc. #14]. Defendant Mark Mitchell, d/b/a Mark Mitchell Exteriors, has filed an opposition to plaintiffs' motion. Plaintiffs have not filed a reply, and the time to do so has expired. Accordingly, the motion is ripe for disposition.

**Standard of Review**

      In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." <u>Reich v. ConAgra, Inc.</u>, 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." <u>Id.</u> "Although the moving party has the

burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

## Facts

For purposes of this motion, the Court finds the following facts.[1] Defendant is an individual doing business as Mark Mitchell Exteriors. Defendant is a siding contractor, who specializes in the installation of siding of the framework of houses being constructed by homebuilders. Defendant also installs fascia and soffit. Defendant is party to a collective bargaining agreement with the Carpenters District Council of Greater St. Louis. The collective bargaining agreement to which defendant is bound requires the payment of fringe benefit contributions through the purchase of fringe benefit stamps.

Plaintiffs state that during the period of May 2005 through August 2007, defendant performed work for Zykan Exteriors. Zykan Exteriors maintained records that reflect 34,835 hours of work performed by defendant. Plaintiffs state that defendant remitted contributions for only 12,556 hours, leaving a balance of

---

[1]"All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E).

22,279 hours due for a total of $159,534.47 in unpaid fringe benefit contributions. Plaintiffs base their calculations on an estimate of 2.4 man hours to install one square of siding, and 0.13 man hours to install a linear foot of soffit or fascia.[2]

Defendant disputes plaintiffs calculations, and states that Zykan Exteriors has inflated his reported wages on IRS 1099 forms. Further, defendant states that plaintiffs' work averages are overstated, and that it takes approximately 1.0 man hours to install one square of siding, and 0.05 to 0.066 man hours to install a linear foot of soffit or fascia. See Affidavit of Mark Mitchell, Doc. #20, pp. 14-15; Affidavit of Shane Leslie, Doc. #20, pp. 16-17. Accordingly, defendant disputes the amount of unpaid fringe benefit contributions that is owed to plaintiffs.

## Discussion

As stated above, in reviewing a motion for summary judgment, the Court must view all of the evidence in a light favorable to defendant. In this case, it is not disputed that defendant is bound by a collective bargaining agreement. Further, it is not disputed that defendant performed work for Zykan Exteriors, which resulted in the accumulation of fringe benefit contributions due to plaintiffs. However, the amount of unpaid

---

[2]Plaintiffs state that Zykan Exteriors produced documents showing the volume of work, i.e., the number of squares of siding and the linear feet of soffit/fascia installed, but that the parties' collective bargaining agreement requires fringe benefit contributions for each hour of work. Accordingly, to compute the fringe benefit contributions due, the work volume needs to be "translated" into work hours.

fringe benefit contributions is in contention. To support his position, defendant has offered evidence (by way of two affidavits) that places in dispute plaintiffs' contributions calculation. Accordingly, genuine issues of material fact remain for trial, and the Court will deny plaintiffs' motion for summary judgment. See Hanley v. Adam, 1998 WL 560282, at *9 (N.D. Ill. Aug. 26, 1998) ("[T]he court concludes that [defendant] is not required to produce documentation regarding job classifications and hours to withstand the plaintiffs' summary judgment motion. Because his affidavit is based on his personal knowledge regarding his employees' job classifications, the court cannot determine whether the audits properly assessed delinquent contributions for covered employees. Thus, genuine issues of material fact preclude the entry of summary judgment....").

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiffs Carpenters' District Council of Greater St. Louis and Vicinity, et al.'s motion for summary judgment [Doc. #14] is denied.

Dated this ____10th____ day of March, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE